UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON,<br><br>               Plaintiff,<br><br>v.<br><br>SGT. SEGOVIA, et al.,<br><br>               Defendants. | Case No.: 19cv2254-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO TAKE DEPOSITIONS OF PLAINTIFF'S WITNESSES AND MOTION FOR PITCHESS REVIEW**<br><br>[ECF No. 34] |

On October 7, 2020, Plaintiff Lucious Wilson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion to depose certain witnesses and for *Pitchess* review of Defendants' personnel files.  (ECF No. 34).  For the reasons stated herein, the Court **DENIES** Plaintiff's motions.

As an initial matter, Plaintiff does not need the Court's permission to depose non-party witnesses.  Fed. R. Civ. P. 30(a).  In order to secure the appearance of non-party witnesses at their depositions, the witnesses must be personally served with subpoenas that are accompanied by money orders

for witness fees and, if applicable, travel expenses.[1]  Fed. R. Civ. P. 45; 28 U.S.C. § 1821.  However, the discovery completion deadline in this case was October 12, 2020.[2]  (ECF No. 25 at 2).  In the scheduling order, the Court advised the parties that "'[c]ompleted' means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date.  All subpoenas issued for discovery must be returnable on or before the discovery cutoff date" (*Id.*).  Plaintiff signed the instant motions on September 16, 2020.  As a result, even if Plaintiff had issued subpoenas on that date, they would be untimely.

Plaintiff's *Pitchess* motion is also untimely.  Plaintiff seeks the disclosure of "all incidents of excessive force or any other acts of violence" in Defendants' personnel files.  (ECF No. 34 at 9).  *Pitchess v. Super. Ct. of L.A. Co. (Echeveria)*, "established that a criminal defendant could 'compel discovery' of certain relevant information in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him." *Warrick v. Superior Court*, 35 Cal. 4th 1011, 1018-19 (Cal. 2005).  "In 1978, the California Legislature codified the holding . . . by enacting . . . Evidence Code sections 1043 through 1045.  California's Evidence Code § 1043 now provides a procedure for discovery of peace officer personnel records in state judicial proceedings, but § 1043 is not binding upon

---

[1] The deposing party must also bear the costs of recording the depositions, bear the costs of transcribing the depositions if the party intends to use them as evidence in a proceeding, and must arrange for the depositions to be conducted before an officer.
[2] Discovery is extended until October 31, 2020 for the sole purpose of Defendants obtaining Plaintiff's deposition.  (ECF No. 25 at 2).

federal court." *Jackson v. Cty. of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997) (internal citations omitted).

This is a federal civil rights action under 42 U.S.C. § 1983 to which the Federal Rules of Civil Procedure apply and Plaintiff's *Pitchess* motion under California law is not binding on this court.[3] To the extent that Plaintiff seeks discovery of Defendants' personnel files in this case, he should have referred to Federal Rule of Civil Procedure 34(a), which allows a party to request the production of any document within the scope of Rule 26(b). However, as indicated previously, even if Plaintiff had appropriately propounded discovery requests upon Defendants on September 16, 2020, they would be untimely. (*See* ECF No. 25 at 2).

Accordingly, the Court **DENIES** Plaintiff's motions. (ECF No. 34).

**IT IS SO ORDERED**.

Dated: October 13, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[3] The motion presently before the Court cannot be construed as a motion to compel. Plaintiff has not demonstrated that he made a request to Defendants for production of these documents. Also, Plaintiff does not clearly describe his attempts to obtain the relevant documents directly from Defendants through a proper discovery request and does not present any arguments that demonstrate how Defendants' objections to Plaintiff's requests were unjustified.