UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON,<br><br>                              Plaintiff,<br><br>v.<br><br>SGT. SEGOVIA, et al.,<br><br>                              Defendants. | Case No.:  19cv2254-TWR-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 44] |

On November 9, 2020, *nunc pro tunc*, Lucious Wilson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a motion for reconsideration of the Court's October 13, 2020 Order denying Plaintiff's *Pitchess* motion.  (ECF No. 44).  In the October 13, 2020 Order, the Court denied Plaintiff's request for disclosure of "all incidents of excessive force or any other acts of violence" in Defendants' personnel files as untimely.  (ECF No. 35 at 2).  As explained in the Order, a *Pitchess* motion is not binding on this Court and Plaintiff should have propounded discovery under Federal Rule of Civil Procedure 34(a) to obtain Defendants' personnel files.  (*Id.* at 3). Even assuming Plaintiff did properly propound discovery, the Court found that his discovery requests would have been untimely according to the

Court's scheduling order. (*Id.*). Accordingly, the Court denied Plaintiff's motion. (*Id.*).

A motion for reconsideration may be brought under Federal Rules of Civil procedure 59(e) or 60(b). A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Rule 59(e) if it is timely filed under that rule and as a motion under Rule 60(b) otherwise). Here, the order referenced was filed on October 13, 2020. (ECF No. 35). Accordingly, Plaintiff's motion is properly brought under Rule 59(e). *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

Plaintiff argues reconsideration is warranted because Defendants did not oppose his *Pitchess* motion. (ECF No. 44). A party's failure to oppose a motion does not require the Court to grant it. *See* Civ. L.R. 7.1(f)(3)(c) (noting that a failure to file an opposition *may* constitute a consent to the granting of a motion). As such, Plaintiff has not shown newly discovered evidence, that the Court committed clear error or made an initial decision that was

manifestly unjust, or an intervening change in controlling law. *See United Nat. Ins. Co.*, 555 F.3d at 780.

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

Dated: November 12, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge