UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON<br><br>                             Plaintiff,<br><br>v.<br><br>SGT. SEGOVIA, et al.<br><br>                             Defendants. | Case No.: 19cv2254-TWR-MDD<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 42] |

This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.  For the reasons set forth herein, the Court **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED**.

### I.      PROCEDURAL BACKGROUND

Lucious Wilson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed the Complaint on November 25, 2019.  (ECF No. 1, hereinafter "Compl."). Plaintiff alleges that Defendants M. Hultz, A. DeMesa, and R. Segovia used excessive force on June 21, 2017, and conspired to destroy and withhold evidence and to falsely accuse Plaintiff of assault.

(*Id.*).  On November 10, 2020, Defendants Hultz, DeMesa, and Segovia filed a motion for summary judgment on all of Plaintiff's causes of action for failure to exhaust his administrative remedies.  (ECF No. 42, "MSJ").  Plaintiff filed a response in opposition [ECF No. 50 ("Oppo.")], to which Defendants replied [ECF No. 51 ("Reply")].

## II.     STATEMENT OF FACTS[1]

On June 21, 2017, Defendants beat Plaintiff while he was in restraints.  (Compl. at 3).  Defendant Segovia punched Plaintiff in the face several times, resulting in a black eye and a busted nose.  (*Id.*).  Defendant Hultz placed Plaintiff in a choke hold.  (*Id.*).  Defendant DeMesa stomped on the metal restraints around Plaintiff's ankles, resulting in lacerations on both ankles.  (*Id.*).  Defendant DeMesa also grinded Plaintiff's bare feet into the ground, causing all of Plaintiff's skin from his right big toe to fall off.  (*Id.*).  Thereafter, Defendants conspired to have Plaintiff falsely accused of assault and conspired to destroy and withhold evidence of their excessive use of force.  (*Id.* at 4).

On July 3, 2017, Plaintiff filed an inmate grievance alleging that on June 19, 2017, he and Officer Solis were involved in an altercation and Officer Solis threatened physical harm.  (ECF No. 42-1 "Mosely Decl.", Exhibit 2); (ECF No. 42-2 "Frijas Decl." at ¶¶ 5-6); (ECF No. 42-3, Exhibit 1 "Pl. Depo" at 11:21-12:20).  This grievance was exhausted at the third level of review.  (Mosely Decl., Exhibit 2).  There is no reference to Defendants in this grievance.  (*Id.*).

On July 3, 2017, Plaintiff also filed an inmate grievance alleging that on

---

[1] The following facts are taken from Plaintiff's Amended Complaint.  They are not to be construed as findings of fact by the Court.

June 22, 2017, Plaintiff informed Captain Bracamonte that he was claiming Officer Solis used excessive force against him on June 21, 2017. (Moseley Decl., Exhibit 3). Captain Bracamonte told Plaintiff he needed to wait until he was assigned a staff assistant instead of interviewing Plaintiff on videotape within twenty-four hours. (*Id.*). This grievance was also exhausted at the third level of review. (*Id.*). There is no reference to Defendants in this grievance. (*Id.*).

On August 1, 2017, the prison received a grievance from Plaintiff, dated July 30, 2017, alleging that Plaintiff was battered and threatened by Officer Solis on June 21, 2017, that Officer Lucero was present but did not write a report, that the incident report indicated that Officers Dela Vega, Flores, and DeMesa took thirty-eight photographs, but none of the photographs were included in the incident package given to Plaintiff, and that Officers Solis and Lucero and unidentified co-conspirators are withholding evidence of the incident. (Frijas Decl., Exhibit A). The only reference to Defendant DeMesa in this grievance is that he took photographs that were not included in Plaintiff's incident report. (*See id.*). Otherwise, there is no reference to Defendants in this grievance. (*Id.*). This grievance was canceled at the first level of review because it duplicated a prior appeal that had already been decided. (*Id.*).

Plaintiff testified that he filed one grievance regarding the June 21, 2017 incident with Defendants after the completion of his criminal trial, which ended in 2018. (Pl. Depo. at 18:14-19:1). The prison has no records of receiving this grievance and Plaintiff does not have a copy of it. (Mosely Decl., ¶¶ 7-10); (Frijas Decl., ¶¶ 5, 7-8); (Pl. Depo. at 17:4-21).

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or

defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A judgment must be entered, "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). "If reasonable minds could differ," judgment should not be entered in favor of the moving party. *Id.* at 250-51.

The parties bear the same substantive burden of proof as would apply at a trial on the merits, including plaintiff's burden to establish any element essential to his case. *Id.* at 252; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The moving party bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party has "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. To successfully rebut a properly supported motion for summary

judgment, the nonmoving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [nonmovant's] favor, could convince a reasonable jury to find for the [nonmoving party]." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed. R. Civ. P. 56; *Celotex Corp.*, 477 U.S. at 323; *Liberty Lobby*, 477 U.S. at 249).

## IV. ANALYSIS

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856-60 (2016).

Failure to exhaust is an affirmative defense that must be raised and proven by a defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). A defendant who seeks summary judgment based on the plaintiff's failure to exhaust administrative remedies must first prove that there was an available administrative remedy and that plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014)). If the defendant satisfies that burden, the burden shifts to the plaintiff to "show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166.

The PLRA only requires prisoners to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino*, 747 F.3d at 1171 (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' . . . –rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance of appeal." *Woodford*, 548 U.S. at 84.

The California Department of Corrections and Rehabilitation's ("CDCR") administrative appeal system for inmates in the California prison system provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a) (repealed 2020). For appeals submitted after January 28, 2011, inmates must commence the appeals process by submitting a CDCR Form 602 grievance to the facility's appeals coordinator describing "the specific issue under appeal and the relief requested." *Id.* at § 3084(a), (c).

In order to properly exhaust, a California prisoner must, "submit a CDCR 602, inmate appeal, within thirty (30) calendar days of the action or decision being appealed." *Id.* at § 3084.8(b)(1). Among other requirements, the appeal must be "limited to one issue or related set of issues" and "list all staff member(s) involved and shall describe their involvement in the issue."

*Id.* at § 3084.2(a)(1), (3).  The prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee to properly exhaust his administrative remedies.  *Id.* §§ 3084.1(b); 3084.7(d)(3).  A grievance will suffice "if it alerts the prison to the nature of the wrong for which the redress is sought."  S*app v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).

Defendants submit evidence showing that Plaintiff submitted multiple inmate grievances during the relevant period, but none of those submissions related to his claims in this case.  (Moseley Decl, Exhibits 1-3); (Frijas Decl., Exhibit A).  Plaintiff argues that his inmate appeal naming Officer Solis, Defendant DeMesa, and unidentified co-conspirators satisfies the exhaustion requirement.  (Oppo. at 4-5).  However, that grievance alleged that Officer Solis battered and threatened Plaintiff, that Defendant DeMesa took photographs of the incident, and that unidentified co-conspirators were withholding evidence of the incident.  (Frijas Decl., Exhibit A).  It does not allege that Defendant Segovia punched Plaintiff in the face, Defendant Hultz placed Plaintiff in a choke hold, or that Defendant DeMesa stomped on Plaintiff's metal ankle restraints.  (Compl. at 3).  Nor does it allege that Defendants falsely accused Plaintiff of assault or conspired to destroy and withhold evidence of the excessive force incident Defendants were involved in.  (*Id.*).  As a result, that inmate grievance did not "alert[] the prison to the nature of the wrong for which the redress is sought."  *Sapp*, 623 F.3d at 824.

Plaintiff testified that in 2018 he filed an inmate grievance specifically identifying Defendants and describing the incident alleged in the Complaint.  (P. Depo. at 17-19).  However, there is no record of the grievance and Plaintiff does not have a copy.  (*See* Moseley Decl.); (Frijas Decl.); (Pl. Depo. at 17-19).  In any event, such a grievance would be untimely because it was filed in 2018

and more than thirty days after the June 21, 2017 incident.  *See* Cal. Code Regs. tit. 15 § 3084.8(b)(1) (repealed 2020).

The undisputed evidence shows that California provides an administrative remedies system for California prisoners to complain about their conditions of confinement, and that Plaintiff used that California inmate-appeal system to complain about other events unrelated to his complaints in this case.  As such, Defendants have met their burden to demonstrate that there were available administrative remedies for Plaintiff and that Plaintiff did not properly exhaust those available remedies.  *See Albino*, 747 F.3d at 1171.

The burden now shifts to Plaintiff to come forward with evidence showing that something in his case made the existing administrative remedies effectively unavailable to him.  S*ee id.* at 1172.  Plaintiff contends that four months after filing the grievance about Officer Solis, he discovered that Defendants were the co-conspirators and that he could not have named them sooner.  (Oppo. at 5).  This still would not put the prison on notice of Defendants' use of force and conspiracy alleged in the Complaint.  *See Sapp*, 623 F.3d at 824.  Accordingly, Plaintiff has not come forward with any evidence showing that anything made the existing administrative remedies effectively unavailable to him.  *See Albino*, 747 F.3d at 1171.  Therefore, the Court **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**.[2]

//
//

---

[2] In light of the Court's recommendation, the Court declines to address Defendants' arguments regarding the merits of Plaintiff's causes of action.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; and (2) **GRANTING** Defendants' Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **January 29, 2021.**  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **February 5, 2021**.  The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:   January 14, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge